U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2016

CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD WAYNE READ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-319-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Donald Wayne Read, a state prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction. No service has issued upon respondent.

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Texas Department of Criminal Justice, Correctional Institutions Division. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

## I. FACTUAL AND PROCEDURAL HISTORY

In this petition, petitioner challenges his October 8, 1996, conviction for driving while intoxicated (DWI) in Parker County, Texas, No. 12163, for which he was sentenced to 10 years' confinement. Pet. 2, ECF No. 1. Petitioner is currently serving a 25-year sentence for a felony DWI conviction in Tarrant County, Texas, Case No. 1315382D. TDCJ's Offender Information Details, *available at* http://www.tdcj.state.tx.us/offender_information. His 1996 DWI conviction was one of two prior DWI convictions used to elevate his current DWI to felony status.

## II. SUBJECT MATTER JURISDICTION

This court has the duty to assure that it has jurisdiction over the matters before it. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody"

under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91. This is true even if the prior conviction is used to enhance the sentence imposed for any subsequent crime of which he is convicted. *Id.* at 492. Telephonic communication with TDCJ confirmed that petitioner's 10-year sentence expired at the latest on October 9, 2006, nearly a decade ago. Thus, Petitioner is not in custody under the 1996 DWI conviction and sentence. Accordingly, he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

The court ORDERS the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction. For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED May 6, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE